# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO HUDSON, | 1:10-cv-00037-DLB (HC) |
| Petitioner, | ORDER DISMISSING CLAIM TWO FROM PETITION |
| v. | [Doc. 1] |
| JAMES A. YATES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

Petitioner filed the instant petition on January 7, 2010.  (Court Doc. 1.)  Petitioner challenges a rules violation he received for attempted murder.  He claims that the violation was based on falsified evidence and should be expunged from his record.  Petitioner also challenges the prison's failure to respond to his administrative grievance.  The latter claim is not cognizable under section 2254.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

1  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
2  petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. §
3  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
4  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
5  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
6  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §
7  1983 is the proper method for a prisoner to challenge the conditions of that confinement.
8  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
9  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

10         In Ground Two of the Petition, Petitioner contends that officer Guerra failed to respond to
11  his inmate grievance.  "[A prison] grievance procedure is a procedural right only, it does not
12  confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.
13  1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v.
14  Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no
15  entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.
16  2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,
17  855 F.2d 639, 640 (9th Cir. 1988). The fact that Petitioner did not receive a response to his
18  inmate grievance does not challenge the "legality or duration" of his confinement and is not
19  cognizable under section 2254.  Accordingly, it must be dismissed.  However, the action will
20  proceed on Ground One of the Petition and an order directing Respondent to submit a response is
21  issued concurrently herewith.

                                                     ORDER

23       Based on the foregoing, it is HEREBY ORDERED that Ground Two of the Petition is
24  dismissed for failure to state a cognizable claim under 28 U.S.C. § 2254.
25       IT IS SO ORDERED.
26       **Dated:   April 19, 2010**                    **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE